# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA BEY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM JOHN DOE | : | |
| 1-13 ET AL., | : | NO. 18-948 |
|     Defendant. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                      MARCH 8, 2018

Plaintiff Patricia Bey, proceeding *pro se*, filed this lawsuit against "State Farm John Doe 1-13 et al." She has also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Bey leave to proceed *in forma pauperis*, dismiss her Complaint, and allow leave to amend.

## I

Bey alleges that Defendants violated her rights under the First, Fifth, Thirteenth, and Fourteenth Amendments, as well as the "Dred Scott decision." (Compl. at 2.) For her statement of the claim, she writes:

> Meritorious and fully evidenced case with Defendant admissions trashed and closed behind my back solely because of my race. No final order ever issued, precluding and tainting any timely appeal. No due process instructions ever given per civil procedure.
> Opposition, totally Caucasian, disregarded all evidence, tampered with court docket, court forms, emailed, held ex parte communications at casinos, and did not disclos[e] personal relationships et al.

(*Id.*) Bey claims that these events occurred at the Philadelphia County Court of Common Pleas between July of 2013 and June of 2014. (*Id.*) A review of public dockets reflects that on July 29, 2013, Bey filed a complaint in the Common Pleas Court against various individuals and entities, including State Farm. *Bey v. Consedine*, Docket No. 130703942 (Phila Ct. Common Pleas). While certain defendants were dismissed initially, the court ultimately granted summary judgment to the remaining defendants "regarding the involuntary transfer of title to Patricia Bey's 2001 Nissan Pathfinder to State Farm Fire and Casualty Company in exchange for the payment to Patricia Bey of $12,1110.52 plus interest." *Id.*

Bey alleges that Defendants' actions have "denied [her] guaranteed citizen rights of due process, address or grievances, equal protection under law, contract rights and guarantees, right to justice and fair impartial consideration." (Compl. at 4.) She claims that she was "deliberately treated in a grossly disp[a]rate manner by a totally Caucasian overt and covert officious opposition solely because of [her] race, which is clearly American descent." (*Id.*) As relief, she requests that Docket No. 130703942 be reopened and that the Court "genuinely review it jurisprudently [sic]." (*Id.*) Bey also requests that the Court

> [g]rant [her] the compensation totally requested on the basis of this shameful, egregious, outright travesty of justice and open denigration of the judicial process, its spirit, its people, and its reason for being perpetrated by the hands of a small and very well known group of renegade operatives playing God with citizen lives and property inside the First Judicial District in complete disregard and deliberate circumvention of the rule of law, at the behest of a bad faith insurer.

(*Id.*)

## II

The Court grants Bey leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Bey is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a

defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III

Bey asks the Court to reopen her state court case and review the court's decisions. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine accordingly deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). To the extent Bey seeks review and reversal of any of the orders entered by the state court in that matter, the Court lacks jurisdiction to do so.

To the extent that Bey raises any claims that are not barred by the *Rooker-Feldman* doctrine, her Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. She contends that the Defendants violated her rights under the First, Fifth, Thirteenth, and Fourteenth Amendments, but fails to provide any facts to support those allegations. Rather, the majority of Bey's Complaint is based upon a series of phrases that do not give rise to any clear basis for a claim. Moreover,

nothing in the Complaint suggests that the Defendants are state actors who could be held liable under 42 U.S.C. § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).[1]

Bey is *pro se* and the Court will give her leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that she can state a plausible claim that lies within this Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Bey's claims against each defendant. If Bey fails to file an amended complaint, her case may be dismissed without further notice for failure to prosecute.

## IV

For the foregoing reasons, the Court will grant Bey's motion to proceed *in forma pauperis* and will dismiss her Complaint. This dismissal is without prejudice to Bey's right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

---

[1] Furthermore, it appears that any § 1983 claims would be time-barred. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where Bey's claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, Bey refers to events that occurred from July of 2013 through June of 2014. Thus, at the latest, the statute of limitations would have begun to run in June of 2014 and would have expired in June of 2016.

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**