# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA BEY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM JOHN DOE** | : | |
| **1-13 ET AL.,** | : | **NO.  18-948** |
| **Defendant.** | : | |

## MEMORANDUM

**PAPPERT, J.**                                                   **APRIL 10, 2018**

On March 5, 2018, Patricia Bey filed a *pro se* complaint against "State Farm John Doe 1-13 et al." Bey also filed a motion to proceed *in forma pauperis*. On March 8, the Court granted Bey leave to proceed *in forma pauperis* and dismissed her Complaint with leave to amend. *Bey v. Doe*, No. 18-948, 2018 WL 1203641, at *3 (E.D. Pa. Mar. 8, 2018). In doing so, the Court noted that: (1) it lacked jurisdiction under the *Rooker-Feldman* doctrine to review and reverse orders entered by the state courts; and (2) the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because it was "based upon a series of phrases that do not give rise to any clear basis for a claim." *Id.* at *2.

Bey filed her Amended Complaint on April 5, 2018. (ECF No. 5.) The Amended Complaint names the following individuals and entities as defendants: (1) State Farm Insurance; (2) Ed B. Rust; (3) Sue Murray; (4) Gary Winkler; (5) Frank Dochnal; (6) Michele Dechristo; (7) Maureen Staska; (8) Vilisha Barnes; (9) Jodi Verdi; (10) Katherine Cole Douglas; (11) Louise E. Bricklin; (12) Commonwealth of Pennsylvania Department of Insurance; (13) Michael Consedine; (14) Pamelarn Austin; (15) James John; (16) Carolyn M. Morris; (17) Yen T. Lucas; (18) Cara Bushman Greenhall; (19) Claudia M. Tesoro; (20) Idee Fox; (21) Ellen Ceisler; (22)

Joseph Evers; (23) Ronald D. Castille; (24) Susan Peikes Gantman[1]; (25) Donna M. Snyder; (26) Anthony P. Sodroski; (27) Robert Graci; and (28) Cameron L. Kline. As discussed below, the Amended Complaint is dismissed because it fails to cure the defects the Court noted in the initial Complaint.

I

As an introduction to her Amended Complaint, Bey states:

> Plaintiff believes and claims gross violations of her First, Thirteenth, and Fourteenth Amendment rights, et al, in the disparate treatment she received in her civil case, and that by dint of her African American racial ancestry and heritage, she was subjected by an all Caucasian actorship to the superseded Dred Scott decision that no one of her ancestry has any rights the actorship ancestry need respect.

(Am. Compl. at 11.)[2]

Bey claims that she "refused to relinquish power of attorney" to State Farm, Rust, Murray, Winkler, Dochnal, Decristo, Staska, Barnes, and Verdi "after discovering multiple discrepancies, alterations, delays, and unexplained entries artificially devaluing her auto accident claim, which violated Pennsylvania insurance and consumer protection laws." (*Id.* at 12.) According to Bey, Winkler "deceptively and covertly cancelled [her] insurance of record and refused to correct it, throwing [her] into an insurance and registration suspension crisis with the Pennsylvania Department of Transportation (PENNDOT)." (*Id.*)

Bey sought assistance from the Pennsylvania Insurance Department and "was continually assured for months" by Austin that all issues would be resolved, but continued to receive impending suspension notices from PENNDOT. (*Id.*) A year later, Bey "successfully proved

---

[1] Judge Gantman's name was misspelled as "Gantnam" in the Amended Complaint.

[2] The Court utilizes the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

her insurance was never out of force." According to her, "[t]he Secretary of Transportation blocked all PENNDOT suspensions, but the crash vehicle remains in system limbo due to the unresolved insurance claim." (*Id.*) After cancellation of Bey's "standing insurance policy on an unrelated vehicle," Bey filed suit in state court. A review of public dockets reflects that on July 29, 2013, Bey filed a complaint in the Philadelphia County Court of Common Pleas against State Farm and individuals from the Insurance Department. *Bey v. Consedine*, Docket No. 130703942 (Phila. Ct. Common Pleas).

Bey claims that while her state case was pending, Douglas, Bricklin, Greenhall and Tesoro answered her pleadings with "lies, deceptive statements and misleading assertions." (Am. Compl. at 13.) She "also discovered falsifications, tamperings and manipulations extended to the actual case documents, court forms and even the case docket itself—all of which were ignored, immediately dismissed, or treated in as disparaging a manner as possible" by Fox, Ceisler, and Evers (the Court Administrator). (*Id.*) Bey filed a motion in the Superior Court of Pennsylvania seeking "investigation of these unethical goings on;" however, that motion was quashed as premature by Gantman. (*Id.*)

The day before a scheduled pretrial mediation, Bey "discovered undisclosed, long term personal relationships and sponsorships existed between" Douglas, Bricklin, Greenhall, Fox, Ceisler, and Evers. (*Id.*) She also "uncovered" that "ex-parte communications occurred" at a "New Jersey casino 'beef and beer' bash" sponsored by the firm that employed Douglas and Bricklin. (*Id.*) According to Bey, Fox, Ceisler, and Evers were at this event and "imparted extensive, specific 'tips' and guidance on the exact methods of presenting cases and persons to ensure problem free filing and consistently favorable rulings." (*Id.*)

Subsequently, Bey went to the "Complex Litigation Unit of the First Judicial District Court of Common[] Pleas to submit required written pretrial mediations concerns." (*Id.*) However, she discovered that the pretrial mediation and the trial had been cancelled and that "her case had been 'disposed of' without notice to her." (*Id.*) Public dockets reflect that while various defendants were dismissed, the Court of Common Pleas ultimately granted summary judgment to the remaining defendants "regarding the involuntary transfer of title to Patricia Bey's 2001 Nissan Pathfinder to State Farm Fire and Casualty Company in exchange for the payment to Patricia Bey of $12,1110.52 plus interest." *Bey v. Consedine*, Docket No. 130703942 (Phila. Ct. Common Pleas). According to Bey, "[t]his surprise nullification of [her] entire case on the eve of her trial threw [her] into nunc pro tunc crisis with the Supreme Court, who irrevocably denied 'per curiam,' through [Defendant Castille], her appeal for leave to be heard—with notice being sent months later, in November of 2014, tainting appeal to any other venued Court." (Am. Compl. at 13.)

Because of the "uncovered undisclosed relationships and sponsorships," Bey submitted complaints to Snyder and Sodroski with the Office of Disciplinary Counsel. (Am. Compl. at 13-14.) She sent a copy of Kline's "then sitting director, R. Seth Williams, requesting their joint investigation of the nondisclosing, ex parte, civil violating goings on surrounding [her] and her case." (*Id.* at 14.) However, Snyder and Sodroski, "against their own procedures, condescendingly, and even with braggadocio, dismissed [her] complaint at once, and did so a second time immediately after it was supervisorly redirected back to them for investigation by their own board chairman." (*Id.*) In September of 2016, Graci "sent [her] a terse letter dismissing her complaint with dubious explanation." (*Id.*) In December of 2016, Bey received a "terse and dubious email suggesting she find a lawyer" from Kline. (*Id.*)

Bey alleges that her subsequent research "uncovered . . . a web of undisclosed, long term, sponsored relationships existent between all known solicitors, District employees, law firms and board actors who touched [her] case." (*Id.*) She also discovered that the firm representing State Farm, Bennett, Bricklin and Saltzburg, "deeply permeated the First Judicial District itself, which many of their employees serving as judge pro tems, arbitrators and mediators, and with high ranking District staff serving as board members and honorees of their private clubs and ceremonies." (*Id.*) Bey also claims that no final order was ever issued in her state case, and that the "delayed, irrevocable Supreme Court 'per curiam' refusal to hear [her], though tainting any further appeals therein, appeared to possibly *free* [her] and her case for Federal [review]." (*Id.* at 14-15.)

Bey contends that the Defendants' "racist, unprincipled, disparaging attacks upon [her] forcefully deprived [her] of a rightful settlement for [her] loss just because of who [she is]." (*Id.* at 16.) She argues that "her African American racial ancestry ignited in her all Caucasian opposition a deep abiding bias that she would dare to challenge them." (*Id.* at 17.) Bey claims that her rights under the First, Fifth, and Fourteenth Amendments were violated and that Defendants' "deliberate obstruction of these rights entitle[s] [her] to claim federal jurisdiction and review consideration of #130703942 Bey v. Consedine et al pursuant to Article III of the U.S. Constitution, FRCP 60(b)(2)(3)(6) (d)(1)(2) and (3), and 42 U.S.C. § 1983, et al, and consideration of the original damages requested in the interest of Justice." (*Id.*)

II

Again, the Court previously granted Bey leave to proceed *in forma pauperis*. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under

5

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Bey is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III

## A

Bey again asks the Court to reopen her state case and review the court's decisions. Bey apparently believes that the Court has the authority to do so pursuant to Rule 60 of the Federal Rules of Civil Procedure, and thanks the Court for considering her "appeal." As the Court previously informed Bey, however, pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, the Court lacks jurisdiction to review and reverse any of the orders entered by the state courts.

B

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Bey alleges that all of the named Defendants violated her rights under the First, Fifth, and Fourteenth Amendments,[3] the Amended Complaint fails to allege a meritorious § 1983 claim against them.

i

Bey's Amended Complaint appears to allude to a vast conspiracy among the Defendants to mishandle her insurance claims and violate her rights. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To state a claim for a judicial conspiracy, a complaint should allege facts concerning "the approximate time when the [conspiratorial] agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, [and] the object of the conspiracy." *Great Western*, 615 F.3d at 179.

Bey has not alleged sufficient facts to support a plausible conclusion that her treatment over the years has stemmed from a conspiracy against her. Furthermore, nothing alleged plausibly supports concerted actions by the Defendants or describes the contours of the alleged

---

[3] Although Bey cites to the Fifth Amendment, its provisions are not applicable here, as none of the named Defendants are federal actors. *See Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d Cir. 2011) (per curiam) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)).

conspiracy. Accordingly, to the extent Bey is resting her Amended Complaint on conspiracy claims, those claims fail.

ii

Bey suggests that State Farm and its employees Rust, Murray, Winkler, Dochnal, Decristo, Staska, Barnes, Verdi, as well as its attorneys, Douglas and Bricklin, violated her constitutional rights by devaluing her vehicle accident claim and cancelling her insurance policies. However, nothing in the Amended Complaint suggests that these Defendants are state actors who could be held liable under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Accordingly, Bey's § 1983 claims against these Defendants will be dismissed.

iii

Bey further alleges that the Pennsylvania Insurance Department and its employees Consedine, Austin, John, Morris and Lucas, violated her rights by failing to help her resolve her issues with State Farm regarding the cancellation of her insurance and the suspension of her registration. She also contends that Greenhall and Tesoro violated her rights through the legal representation they provided the Department's employees in her state case.

As an initial matter, the Department of Insurance may not be sued pursuant to § 1983 because, as an arm of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity. *See Atlantic Health Care Benefits Trust v. Tucker*, 809 F. Supp. 365, 367-68 (M.D. Pa. 1992). Moreover, nothing in the Amended Complaint plausibly suggests that Consedine, Austin, John, Morris, Lucas, Greenhall or Tesoro violated Bey's constitutional rights through their handling of her insurance issues and their representation during her state case.

Rather, Bey's claims against them primarily rest on her unfounded assertions of a vast conspiracy involving all of the named Defendants.

iv

Bey also contends that Fox, Ceisler, Castille, and Gantman, all of whom are judges who presided over aspects of her state case, violated her rights under the First, Fifth, and Fourteenth Amendments. Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that Bey is suing these judges based on the manner in which they ruled in her case, her § 1983 claims against them are barred by judicial immunity. Moreover, because Bey is suing Evers for actions taken in his role as Court Administrator, he is entitled to quasi-judicial immunity. *Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012) (per curiam). Accordingly, Bey's § 1983 claims against these Defendants will also be dismissed.

v

Finally, Bey faults Snyder, Sodroski, Graci and Kline for failing to thoroughly investigate her complaints and bring criminal charges against the other Defendants for their purported misconduct. However, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against

another individual.").  Moreover, "there is no federal right to require the government to initiate criminal proceedings."  *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).  Bey's § 1983 claims against these Defendants will also be dismissed accordingly.

IV

For the foregoing reasons, the Court will dismiss Bey's Amended Complaint.  Bey will not be permitted to file a second amended complaint because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows, which shall be docketed separately.

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**